UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GARY DUANE FRISBY, #597560,

                      Petitioner,                          Case No. 13-cv-13591

v.                                            Honorable Thomas L. Ludington

WILLIS SMITH,

                      Respondent.

_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Michigan prisoner Gary Duane Frisby ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner pleaded guilty to armed robbery, Mich. Comp. Laws § 750.529, in the Genesee County Circuit Court and was sentenced as a second habitual offender, Mich. Comp. Laws § 769.10, to 15 to 30 years imprisonment in 2011. Petitioner's conviction arises from his armed robbery of a gas station clerk on June 7, 2011. In his petition, he challenges the trial court's scoring of an offense variable of the state sentencing guidelines.

**I.**

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the

petition. *Id.*, *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking such a review, the Court concludes that the petition must be denied.

## II.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

## III.

Petitioner's sole claim on habeas review is that the state trial court erred in scoring Offense Variable 4 (psychological injury to the victim) at 10 points. Offense Variable 4 "is scored for all felony offenses except crimes involving a controlled substance" and is based on whether the victim suffers serious psychological injury requiring professional treatment. Mich.

Comp. Laws §§ 777.34(1)(a)&(b). The Michigan Court of Appeals denied leave to appeal for

lack of merit in the grounds presented, *People v. Frisby*, No. 308821 (Mich. Ct. App. May 22,

2012) (unpublished), and the Michigan Supreme Court denied leave to appeal in a standard

order. *People v. Frisby*, 822 N.W.2d 236 (Mich. 2012).

The state courts' denial of relief is neither contrary to Supreme Court precedent nor an

unreasonable application thereof. Claims which arise out of a state trial court's sentencing

decision are not normally cognizable upon habeas review, unless the petitioner can show that the

sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *Lucey v.*

*Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). Petitioner's sentence is within the

statutory maximum. *See* Mich. Comp. Laws §§ 750.529, 769.10. A sentence imposed within the

statutory limit is generally not subject to federal habeas review. *Townsend v. Burke*, 334 U.S.

736, 741 (1948); *Lucey*, 185 F. Supp. 2d at 745; *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D.

Mich. 1999).

Petitioner's claim that the trial court erred in scoring Offense Variable 4 is not cognizable

on habeas review because it is a state law claim. *See Howard v. White*, 76 F. App'x 52, 53 (6th

Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting

statutes is a matter of state concern only."); *Cheatham v. Hosey*, 12 F.3d 211, 1993 WL 478854

at \*2 (6th Cir. Nov.19, 1993) (ruling that departure from state sentencing guidelines is a state law

issue which is not cognizable on federal habeas review); *McPhail v. Renico*, 412 F. Supp. 2d

647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001).

Any error in scoring the offense variables and determining the guideline range does not merit

habeas relief. State courts are the final arbiters of state law and the federal courts will not

intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d

326, 328 (6th Cir. 1987); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Habeas relief does not lie for perceived errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Petitioner has thus failed to state a claim upon which relief may be granted as to this issue.

Petitioner is also not entitled to relief on any claim that his sentence was based upon inaccurate information. A sentence may violate federal due process if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *Townsend*, 334 U.S. at 741; *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (defendant must have a meaningful opportunity to rebut contested sentencing information). To prevail on such a claim, a petitioner must show that the court relied upon the allegedly false information. *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v. Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992).

Petitioner makes no such showing. He claims only that "[t]here is no record evidence to support the scoring of [Offense Variable 4]." ECF No. 1 at 5. But Petitioner admits that he had a sentencing hearing held on the record where the prosecutor argued that Offense Variable 4 should be scored at 10 points because the victim quit her gas station job and moved out of state following the robbery and that this evidenced the major psychological impact the robbery had. *Id.* at 16. At that hearing, defense counsel argued that Offense Variable 4 should be scored at 0 points because there was no evidence that the victim required psychological treatment following the robbery. *Id.* Petitioner admits, however, that defense counsel did not contest the fact that the victim moved following the robbery and even states in his brief that "the victim . . . told [defense counsel] that she quit her job because she was robbed[.]" *Id.* Petitioner's position is that the

- 4 -

1:13-cv-13591-TLL-DRG   Doc # 6   Filed 11/24/14   Pg 5 of 6   Pg ID 39

victim had to claim that she actually moved because of psychological trauma, but that is not the standard by which a state court sentence is reviewed.

On the basis of the arguments by counsel at the sentencing hearing and the fact that the victim moved out of state following the robbery, the trial court ruled that the 10-point score was justified. Petitioner has failed to establish that the trial court relied upon materially false or inaccurate information in imposing his sentence which he had no opportunity to correct. Federal habeas relief is not warranted on Petitioner's sentencing claim and Petitioner's petition will be dismissed.

**IV.**

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right.

Lastly, the Court concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal as any appeal cannot be taken in good faith. FED. R. APP. P. 24(a).

**V.**

It is **ORDERED** that Petitioner Frisby's petition for a writ of habeas corpus, ECF No. 1,

is **DISMISSED with prejudice**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that permission to proceed *in forma pauperis* on appeal is

**DENIED**.

Dated: November 24, 2014                        s/Thomas L. Ludington
                                                THOMAS L. LUDINGTON
                                                United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served
upon Gary Frisby #597560 at Carson City Correctional Facility, 10274
Boyer Road, Carson City, MI 48811 by first class U.S. mail on
November 24, 2014.

                          s/Tracy A. Jacobs
                          TRACY A. JACOBS